Reamer *et al. v.* Davis.

————◆————

No. 9909.

## REAMER ET AL. *v.* DAVIS.

SUFFICIENCY OF EVIDENCE.—*Verdict.*—*Master and Servant.*—*Consignor and Consignee.*—*Negligence.*—A., of Cincinnati, shipped goods to New Albany, to be received and stored by B. They were received by C., upon his wharf-boat to be kept for A. until removed. The servants of B., in removing the goods from the wharf-boat, allowed part of them to fall into the river, whereby they were lost.

*Held,* in a suit by A. against C. for negligence, that this evidence did not support a verdict against C.

From the Floyd Circuit Court.

*A. Dowling,* for appellants.

*J. V. Kelso,* for appellee.

BLACK, C.—This was an action by the appellee against the appellants. The trial of an issue made by a general denial of the allegations of the complaint resulted in a verdict for the appellee.

A motion for a new trial was made by appellants, which was overruled. The only question presented by the motion was whether the verdict was sustained by sufficient legal evidence; and counsel have confined their argument to that question.

The complaint charged, in substance, that appellants were partners; that, on the 23d of April, 1880, they were, and they still continued to be, proprietors of a wharf-boat at New Albany, which they used and operated as a warehouse for the storage of freight shipped to and from that city by means of vessels plying on the Ohio river; that, at the date mentioned, they received on board said wharf-boat, for delivery to appellee, a large number of vehicles, among which was a barouche, the property of appellee, of the value of $200; that appellants charged appellee a sum stated as wharfage, for receiving, storing and keeping his vehicles on said wharf-boat, which appellee paid to appellants; that they so negligently conducted themselves in storing, keeping and taking care of said barouche, that it fell off said wharf-boat into the Ohio river and was wholly lost to appellee, while in the care and possession of appellants, and without fault on the part of appellee, to his damage, etc.

The evidence showed that one Anderson was a travelling salesman in the employment of appellee. A number of vehicles, including said barouche, the property of appellee, were shipped from his house at Cincinnati to New Albany, upon the order of Anderson. They arrived on a steamboat in the evening, and were delivered to appellants on their wharf-boat, they paying the freight, which, with wharfage, was afterward paid to them by Anderson.

Philip M. Kepley, keeper of a livery-stable at New Albany, had been authorized by Anderson to receive the vehicles from the landing, and to store them at his livery-stable. The evidence plainly showed that the barouche was lost by being suffered to go overboard by those who, the next morning, were removing the carriages from the wharf-boat, who were the servants of said Kepley, one being his adult son, assisted by one, not a servant, procured by said son, without compensation, for that purpose ; that said servants, in making such removal, were acting for their master, and that such work was within the scope of their employment. The loss did not result from acts of appellants or of their servants, and it was sought to make them responsible merely because they did not prevent the acts of those who came to remove the carriages.

Anderson placed no restriction upon Kepley, with whom he had before done business of the same kind, and he may be presumed to have intended that Kepley would remove the carriages by his usual means, and, no instruction to the contrary having been given, that the carriages would be removed by Kepley's servants, whose usual occupation included such work ; Kepley's personal supervision was not exacted.

The fact, that at the instance of one of the servants assistance was rendered by a volunteer, could not change the case.

A special order from the master to the servant need not always be shown to connect the master with the acts of the servants. Tacit consent or acquiescence is sufficient. A master is liable for injuries to third persons occasioned by inattention, negligence or want of skill of his servant while employed about the master's business, within the scope of the authority conferred.

A deviation of an agent, general or special, from the appropriate course, will not vitiate his act, if it be immaterial or circumstantial only, and do not in substance exceed his right. If appellants might have refused to deliver the vehicles to these persons without the production of proof of au-

thority, they were not bound to require proof from those who, in truth, were authorized.

The evidence clearly showed that the persons who caused the loss were not unlawfully interfering with the property, but were acting under authority derived from appellee, and, therefore, that appellants were not in fault.

We are of opinion that the court should have granted a new trial.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment be and it is hereby reversed, at appellee's costs, and the cause is remanded for a new trial.